**ORDERED in the Southern District of Florida on July 16, 2026.**

Mindy A. Mora, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re: Case No.: 26-16603-MAM

SEAGLASS OCEAN DRIVE DEVELOPMENT, LLC, Chapter 7

Alleged Debtor(s).
_______________________________________/

**ORDER SETTING EVIDENTIARY HEARING**
**AND ESTABLISHING RELATED DEADLINES**

**THIS MATTER** came before the Court upon the Motion to Extend Time to File Response to Involuntary Petition (ECF No. 5) (the "Motion") and any related response(s). Counsel for SEAGLASS OCEAN DRIVE DEVELOPMENT, LLC ("Movant(s)") and counsel for PETITIONING CREDITORS ("Respondents") have advised the Court that all parties are prepared to proceed with an evidentiary hearing. Accordingly, the Court ORDERS as follows:

1. **HEARING; SERVICE**. The Court will conduct an evidentiary hearing on **September 2, 2026 at 9:30 A.M.** The hearing will take place at the United States Bankruptcy Court located at 1515 N. Flagler Drive, Courtroom A, Room 801, West Palm Beach, Florida 33401. Respondents must serve a copy of this

Order on all appropriate parties and file a certificate of service thereof as required by this Court's local rules.

2. **PUBLIC ACCESS.** Any person wishing to listen to the hearing by telephone must contact Maria Romaguera, Courtroom Deputy, solely by email at **Maria_Romaguera@flsb.uscourts.gov** to obtain dial-in instructions by no later than 3:00 p.m. at least two (2) business days prior to the date of the hearing. The Court cannot process untimely requests.

3. **EXCHANGE OF EXHIBITS AND WITNESS LISTS**.

In accordance with Local Rule 9017-1, a complete set of exhibits must be exchanged with opposing counsel and filed with the Court according to the schedule and specifications set forth below. The number of days specified below is the minimum number of business days prior to the hearing by which the documents must be exchanged or submitted, as applicable. All submissions must occur **by 4:00 p.m.** on the specified date.

| Event | Number of Business Days Prior to Hearing |
|---|---|
| Exhibits exchanged and filed pursuant to Local Rule 9017-1 | **4** |
| Witness Lists | **4** |
| Expert Reports | **4** |
| Objections to Exhibits | **2** |
| Joint Stipulation of Facts exchanged with counsel for Respondent(s) | **4** |
| Joint Stipulation of Facts filed with the Court by Movant(s) | **2** |

A. Exhibits:

(1) Parties must exchange pre-marked exhibits (including summaries) intended to be offered as evidence at the evidentiary hearing. All exhibits must include the party's role in the matter or adversary proceeding (i.e., "plaintiff" or "movant") and be sequentially numbered. When exhibits are exchanged electronically, Movant(s) and Respondent(s) must also include a short descriptive name of each exhibit, e.g., "mortgage", "note", or "letter dated xx/xx/xxxx" in the file name of each exhibit.

(2) Presentation and exchange of exhibits must conform to Local Rule 9017-1. As noted in Local Rule 9017-1, counsel representing any party must submit the exhibits and exhibit register via CM/ECF,

while a party not represented by counsel must email all exhibits and an exhibit register to the Clerk of Court at ProSeExhibits@flsb.uscourts.gov, listing the appropriate case or adversary number and the date of the evidentiary hearing in the reference line of the email. The exhibits so filed will constitute the official exhibits in this matter.

(3) Regarding any summary the party will offer in evidence at the hearing, the submitting party must provide a notice of the location(s) of the books, records, and the like, from which each summary has been made and the reasonable times when they may be inspected and copied by adverse parties.

(4) Each party must prepare a separate exhibit register based upon the Local Form Exhibit Register (LF-49), a Word version of which is available on the Court's website.

(5) Each party must bring a USB drive containing all exhibits to the evidentiary hearing.

B. Witness Lists:

Each party presenting witnesses must provide all other parties with a list showing the name and, if not previously provided, the address and telephone number of each witness that the party may call at the hearing other than solely for impeachment.

C. Objections to Exhibits:

Any objection to the admissibility of any proposed exhibit, including any deposition transcript or recording (audio or video) or any summary must be submitted pursuant to the deadlines set forth above. The objection must (i) identify the exhibit, (ii) briefly state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection. <u>An objection not so made—except for one under Federal Rule of Evidence 402 or 403—is waived unless excused by the Court for good cause.</u>

D. Expert Reports:

If expert reports are to be used at the Hearing, the parties must exchange such reports pursuant to the deadlines set forth above.

E. Joint Stipulation:

The respective parties must file a joint stipulation of uncontested facts on or before the deadline set forth above. **Counsel for Movant(s) must prepare the first draft of the joint stipulation of uncontested facts and exchange the draft with counsel for Respondent(s) on or before the deadline set forth above**. Counsel for all parties must sign the final stipulation of uncontested facts. The failure of counsel to prepare and submit the joint stipulation may result in sanctions. **THIS SUBPARAGRAPH WILL NOT APPLY IF ONE OF THE RESPECTIVE PARTIES IS SELF-REPRESENTED AND IS UNWILLING OR UNABLE TO ENTER INTO THE JOINT STIPULATION.**

4. **FINAL ARGUMENT**. At the conclusion of the hearing, in lieu of final argument, the Court may request that each party file a proposed order with findings of fact and conclusions of law.

5. **SETTLEMENT**. If the contested matter is settled, the parties must submit to the Court a stipulation approved by all parties and a motion for approval of the same prior to the date of the hearing. If a stipulation and motion are not submitted to the Court, all parties must be prepared to proceed with the hearing. If the contested matter is removed from the calendar based upon the announcement of a settlement, the contested matter will not be reset for hearing if the parties fail to consummate the settlement. In such event, the Court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the Court did not approve the settlement, in which case the matter will be reset for hearing at a later date.

6. **SANCTIONS**. Failure to appear at the hearing or to comply with any provision of this order may result in appropriate sanctions, including the award of attorney's fees, striking of papers, or the exclusion of exhibits or witnesses.

7. **CONTINUANCES**. Continuances of the hearing or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order must set forth the status of discovery and state the reasons why the party or parties seek a continuance.

**###**

Copy to:

| | |
|---|---|
| Office of the US Trustee | USTPRegion21.MM.ECF@usdoj.gov |
| Angela M. Conant, Esq. | amrootesq@gmail.com |

Jason Gordon, Esq. jg@jgordonlegal.com; service@jgordonlegal.com

*Attorney, Jordan L. Rappaport, is directed to serve this order according to all applicable rules and file a certificate of service.*